UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES PHILLIP MITCHELL                                                                  PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:16-CV-278-GNS

FREDRICK LIGGIN *et al.*                                                                DEFENDANTS

### MEMORANDUM OPINION

Plaintiff James Phillip Mitchell filed this *pro se* complaint. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

In his complaint, Plaintiff names Fredrick Liggin, "Supervisor of Maintenece" and Saint Columba, "Owner," as Defendants. In the portion of the complaint form asking Plaintiff to list the specific federal statutes or constitutional provisions that are at issue in this case, Plaintiff writes: "Case #031., #032., #033., #034., #035., 036., #037., #038., #039. . . CASE #114-S-440." For the amount in controversy, Plaintiff writes: "Illegelly attemping homicide + brand plagrism width hostile grandgre." In the statement of the claim section of the complaint, Plaintiff states: "Illeagelly Icarsirated 3 times width false mentally inquest warrest 4or 5 time as well brutalitly." In the relief section of the complaint, Plaintiff writes: "Crime vitime compensation houesing + deed restraining warrants fore width of accelereated warrents. Moreover, to with compelled."

### II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss

a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

In addition, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint does not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard required by Rule 8(a)(2). Plaintiff's complaint is devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for any alleged misconduct. Plaintiff's allegations are rambling and difficult to understand. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal

pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In addition, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court also notes that "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The complaint meets this standard as well.

### IV. CONCLUSION

Accordingly, this action must be dismissed for failure to meet the pleading standard under Fed. R. Civ. P. 8 and for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Court will enter an Order consistent with this Memorandum Opinion.

Date: October 4, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4416.011